Burrows, J.
This case is here upon a petition in error to reverse a judgment against the railway company in the court below.
Upon the argument of the case very few of the numerous exceptions found in this record were insisted upon. Counsel for plaintiff in error suggested that the court should read this record, and that, while he only proposed to present a very few of the errors, he did not relinquish the others. *404 The practice of this court is to consider only those errors that counsel for the plaintiff in error consider of sufficient importance to present by oral argument or upon their brief; especially where the plaintiff in error is represented by experienced counsel, and we therefore pass them by, with the remark that we find no errors in this record worthy of consideration except those which I shall mention.
The first question presented relates to challenges of jurors and the ruling of the court thereon.
It was admitted in the pleadings that the injury to decedent was received at what is known as the “diagonal crossing” of the highway with the railroad a mile or so east of the village of Painesville, Many of the jurors upon examination as to their competency stated that they were familiar with this crossing and considered it exceptionally dangerous. The challenges of the defendant to such jurors were overruled. We think this ruling was correct.
It is said in Dew v. McDivitt, 31 Ohio St., 139:
“If a juror has formed or expressed an opinion in relation to a portion of the facts embraced in the issue, but not upon the whole issue, and otherwise stands indifferent between the parties, the allowance or refusal of the challenge is within the discretion of the court.”
Under the circumstances the court could not properly in the exercise of its discretion, have sustained such challenges. Tüe petition not only alleged that the crossing was exceptionally dangerous, but set forth the facts that made it so, and the defendant by its answer admitted the existence of these facts, and thereby rendered such knowledge and opinion of jurors immaterial.
Second: Upon the trial the plaintiff below was allowed to prove against the objection of the defendant the financial condition of the widow and child of the decedent, for whose benefit the suit was brought.
Counsel for plaintiff in.error contend that this evidence was incompetent and prejudicial; that the administrator was entitled to recover the full prospective value that would probably have accrued to them during the life of the decedent if he had not been killed, and that this would be so whether the beneficiaries were rich or poor; that such evi dence had a direct tendeny to excite sympathy for the *405 widow and child of the decedent, and thereby to increase the amount of the verdict.
Counsel for defendant in error insist that this question has been settled by our supreme court in Cincinnati St. Ry. Co. v. Altemeier, Adm’r, 60 Ohio St., 10. In that case, however, the beneficiaries were parents — kindred other than widow or children.
I read the syllabus:
“While in the trial of a case for causing death by wrongful act, neglect or default, under sections 6134 and 6135, Revised Statutes', the recovery is limited to the pecuniary injury resulting from such death to the beneficiary, and nothing can be allowed on account of bereavement, mental suffering, or punitive damages; yet any evidence which tends to show the amount of such pecuniary injury sustained by such beneficiary, or which tends to show that such beneficiaries received financial aid from the deceased during his lifetime, and that they would likely have continued to receive such aid, had he lived, is competent. And for the purpose of showing that such beneficiary needed and would likely have received such aid from th'8 deceased, the circumstances, age, health and means of support of the beneficiary, if a parent or next of kin of the deceased, as well as the age, health, disposition and thrift of the deceased may be shown. ”
It is said in the opinion at page 17:
“In the case of a widow and children the natural presumption, and in fact duty of the deceased, is to support them, and in the absence of a showing to the contrary, the presumption is that such support would be to the full extent of his ability after supporting himself; and in such cases there is no need of showing the poverty of the widow and children. .But in case the widow and children should be wealthy in their own right, and having before the death of the deceased received little if any support from him, such facts might well be shown in evidence for the purpose of showing that the pecuniary injury was small, and thereby reduce the damages.”
We are not convinced that this case settles the question which we have to decide; on the contrary it is declared that, “in such cases there is no need of showing the poverty of the widow and children,”
*406 While we are of opinion that this evidence was not admissible, we are also of the opinion that it was not prejudicial to the plaintiff in error. It was shown by this evidence that the widow and child were possessed of property of the value of $1,500.
There was no evidence given of distress, dependence or •other circumstances that would tend to excite the sympathy •of the jury or influence their verdict; and when we look to the amount .of the verdict and the whole evidence in the ■case, we are confirmed in the opinion that the plaintiff in error was not prejudiced by this evidence.
Third: The claim is also made that the court erred in its charge to the jury upon the question of giving or neglecting to give proper signals of warning. On the trial all other grounds of negligence on the part of the defendant below were substantially eliminated, by the charge of the court,
Upon the question of signals the court charged as follows:
“If, upon a careful consideration of all the evidence in connection with the admitted facts, as herein stated, you fail to find that it has been proved that the bell upon the engine of train No. 23 was not rung, and the whistle was not sounded for said crossing while the train was approaching it just prior to said injury, not less than' eighty rods distant from said crossing, and where one or both could be distinctly heard at said crossing, then your verdict should be for the defendant.
“Before the plaintiff will be entitled to a finding in this case in his favor upon the charge of negligence in the petition, it must be proved that the crossing where the injury occurred was at the time it occurred and fora long time before, an exceptionally dangerous one to those passing over’ it, and that its dangerous character and liability of injury to those passing over it was well known to the defendant at and for a long time before said injury, and that said train at and before said injury, was in charge of, and was then being run and managed by the agents and servants of the defendant, who were then acting in the line of their duty as such agents and servants, in managing and running said train when it passed over said crossing, and for a long distance before it reached it, and was, by them, run at the *407 high rate of speed of fifty miles per hour, and that said defendant, by its agents and servants, so managing and running said train, carelessly and negligently failed to give any notice by warning or signal by ringing the bell or sounding the whistle of its approach to said crossing when it was not less than eighty rods distant therefrom, and where it could be plainly and distinctly heard at said crossing, and that the negligent failure to give said notice and warning was the sole and proximate cause of the death of said Edward C. Corlett, then and in the event of such finding it will be your duty to find in favor of the plaintiff upon the first branch of this case.”
In these two paragraphs the court instructs the jury that the defendant below should not be held guilty of negligence if the bell was rung and the whistle sounded not less than eighty rods from the crossing, and -Vfhere one or both could be distinctly heard at said crossing; and that it should be found guilty of negligence in respect to giving signals if it failed to give any notice by ringing the bell or sounding the whistle eighty rods from the crossing, “and where it could be plainly and distinctly heard at said crossing.”
We think this charge was calculated to mislead the jury. The learned judge who wrote this charge probably assumed that if the bell had been rung and the whistle sounded at a distance of not less than eighty nor more than one hundred rods from the crossing, such signals could have been distinctly heard at the crossing; and intended by the use of the phrase, ‘‘and where they could be distinctly heard at said crossing”, to instruct the jury that if these signals were given more than one hundred rods from the crossing- and at such great distance therefrom, that they could not be heard distinctly at the crossing, that then and in such case the company would be guilty of negligence. In other words, he intended to say that these signals must be given not less than eighty rods from the crossing, nor so far beyond that distance as not to be plainly and distinctly heard thereat. If such was his meaning the jury were likely to misunderstand him. as the question oí giving these signals at too great a distance from the crossing was not in the case, The allegation in the petition was:
‘‘That the defendant company negligently and carelessly *408 omitted while approaching said crossing to give any signal by bell or whistle or otherwise, by reason whereof said decedent was not aware of the approaching train, and that by reason of. said negligence of the defendant, and without any negligence or fault on his part, the collision occurred and he was killed. ”
No claim was made upon the trial that the signals given by the company were not distinctly heard at the crossing by reason of the great distance therefrom at which they were given. Numerous witnesses testified that these signals were properly given, first before the locomotive reachsdthe whistling post, and were continued until the train passed over the crossing. On the other hand plaintiff below produced witnesses, who testified that they were in position to hear the signals if they had been given, and that they heard no bell or whistle until the train was very near to the crossing or upon it. So that, the question of signals having been given at too great a distance from the crossing, was not in the case either by pleadings or proof. The jury may have found that the railway company gave proper signals, but that the decedent did not hear the same, and this verdict may have been based upon such findings of fact, when we take into consideration the conceded fact that the embankment between the railroad track and the highway not only obscured the oncoming train from view, but might to some extent render the signals uncertain and indistinct to a person at or near the crossing. If ordinary care, under the circumstances, required that more than the customary and statutory signals should have been given at this crossing, then the insufficiency of such ordinary signals should have been alleged in the petition as ground of negligence, It could not be properly introduced into the case for the first time by the charge of the court.
Counsel for defendant in error do not attempt to support this charge by argument or authority, but say:
“The court told the jury over and over that the plaintiff could not recover if the decedent was guilty of any negligence whatever that contributed to his injury; and that the injury must have resulted solely from the defendant’s negligence”
We are unable to see how proper charges by the court on *409 the question of the contributory negligence of the plaintiff can cure his erroneous charge as to the' negligence of the defendant below.
Fourth: Upon the trial some evidence was given by the defendant below against the objection of plaintiff below tending to show that there was a safe and convenient road leading off from this highway just east of the crossing and returning into the same under the railroad only a sort distance from said point of divergence. In permitting this evidence to be given the court remarked that the company might put it in if it pleased, but he did not see how it could have any effect. Afterwards, at request of plaintiff below, he charged the jury as follows:
“If the jury find from the evidence that there was another road leading off from the road that crossed the highway east of the crossing where decedent was killed, that he might have taken, this fact in no manner affected the decedent’s right to follow the road he did and cross the railroad. The fact of another road leading off from the road that crossed the railroad which the decedent might have taken did not in any manner or degree lessen the responsibility of the railroad or relieve it from using due care and precaution in running its trains over said crossing.’’
This request we think ought not to have been given without qualification or explanation. If it were shown that a public road had been constructed so as to avoid this crossing by passing under the railroad, which was safe and convenient; and if it further appeared that the traveling public generally used the safe way instead of this dangerous crossing,and these facts were known to the railway company,such evidence would certainly be admissible as bearing upon the question of the defendant’s negligence in running its trains at a high rate of speed over this crossing.
The judgment is reversed for said errors in the charge of the court. We find no other prejudicial error in the record.
Cause remanded.